**JOHN DOUGLAS BARR** ............... **California State Bar No. 40663**
**TROY DOUGLAS MUDFORD**..... **California State Bar No. 156392**
**ESTEE LEWIS**...................................**California State Bar No. 268358**
**CATHLEEN THERESA BARR** ....... **California State Bar No. 295538**
**BRANDON STORMENT** ............... **State Bar No. 267260**
**BARR & MUDFORD, LLP**
1824 Court Street/Post Office Box 994390
Redding, California   96099-4390
Telephone:  (530) 243-8008
Facsimile:  (530) 243-1648
   Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORIA**

| | |
|---|---|
| A.H., a Minor, by and through his Guardian ad Litem, MARIA MONROY,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF TEHAMA;<br>TEHAMA COUNTY SHERIFFS' OFFICE;<br>SHERIFF DAVE HENCRATT, in his individual and official capacity as Sheriff for the County of Tehama Sheriff Department;<br>ASSISTANT SHERIFF PHIL JOHNSTON; in his individual and official capacity as Assistant Sheriff for the County of Tehama Sheriff Department;<br>SUCCESSOR IN INTEREST OR ESTATE OF KEVIN NEAL and<br>THE RANCHO TEHAMA ASSOCIATION INC.,<br><br>             Defendants. | **No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CIVIL RIGHTS ACTION AND PENDANT STATE CLAIMS**<br><br>(**DEMAND FOR JURY TRIAL**)<br><br>   **FEDERAL CAUSES OF ACTION**<br><br>**[1. VIOLATION OF DUE PROCESS UNDER THE 14th AMENDMENT, IN VIOLATION OF 42 U.S.C. §1983]**<br><br>**[2. VIOLATION OF EQUAL PROTECTION UNDER THE 14th AMENDMENT, IN VIOLATION OF 42 U.S.C. §1983 (STATE CREATED DANGER)]**<br><br>**[3. FAILURE TO TRAIN/SUPERVISE, IN VIOLATION OF 42 U.S.C. §1983]**<br><br>**[4. CONSPIRCY TO DEPRIVE PERSONS OF RIGHTS OR PRIVILEGES, IN VIOLATION OF 42 USC SECTION 1985]**<br><br>**[5. CONSPIRCY TO OBSTRUCT JUSTICE, IN VIOLATION OF 42 USC SECTION 1985]**<br><br>**[6. NEGLECT TO PREVENT HARM, IN VIOLATION OF 42 USC SECTION 1986]**<br><br>**STATE CAUSES OF ACTION - COUNTY** |

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 1
**Complaint for Damages**

[7. FAILURE TO PERFORM MANDATORY DUTIES GOV'T CODE SECTION 815.6, VIOLATION OF PENAL CODE SECTIONS 836(A) AND (C)(1))]

[8. VIOLATION OF CIVIL CODE 52.1]

[9. NEGLIGENT SUPERVISION, TRAINING, RETENTION AND RATIFICATION]

[10. NEGLIGENCE – VIOLATION OF GOVERNMENT CODE §815.2]

[11. WASTE OF PUBLIC FUNDS, VIOLATION OF CCP SECTION 526A]

**CAUSES OF ACTION AGAINST ESTATE OF KEVIN NEAL**

[12. BATTERY]

[13. ASSAULT]

[14. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

[15. STRICT LIABILITY – ULTRAHAZARDOUS AND ABNORMALLY DANGEROUS ACTIVITY]

[16. HARASSMENT]

**CAUSES OF ACTION AGAINST THE RANCHO TEHAMA ASSOCIATION INC**

[17. NEGLIGENCE / NEGLIGENT PREMISE LIABILITY]

**CAUSES OF ACTION AGAINST ALL DEFENDANTS**

[18. PUBLIC AND PRIVATE NUISANCE]

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. **COMES NOW** Plaintiff, A.H., a Minor, by and through his Guardian ad Litem, MARIA MONROY, by and through his attorney of record, and alleges the following against defendants. Further, plaintiff demands a jury trial.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988 for violations of the Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is based on 28 U.S.C. §§1331 and 1343.

4.    Plaintiff further seeks to invoke supplemental jurisdiction over state law claims under 28 U.S.C. §1367.  Plaintiff has filed the appropriate administrative claim with defendant COUNTY OF TEHAMA, and plaintiff's claim was rejected by that entity on June 5, 2018.

5.    Venue is proper in this court because the events giving rise to this Complaint all occurred in Tehama County, California, a geographical area which falls within the boundaries of the United States District Court for the Eastern District of California.

6.    Plaintiff seeks an award of compensatory damages, costs and expenses and reasonable attorney's fees pursuant to 42 USC Section 1983. Further, fee entitlement is alleged pursuant to 42 USC section 1988.

**THE PARTIES**

7.    At all times pertinent hereto, plaintiff A.H., year of birth 2011, is and was a resident of Corning in the County of Tehama, State of California.

8.    At all times pertinent hereto, plaintiff Guardian ad Litem, MARIA MONROY, is and was plaintiff's natural mother.

9.    Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, defendants COUNTY OF TEHAMA, and COUNTY OF TEHAMA SHERIFF'S OFFICE (hereinafter referenced as the "DEPARTMENT" and/or the "COUNTY" were, respectively, a body politic (to wit, a county government) and one of its departments organized, existing and operating as such in and under the laws of the State of California, with their principal place of business located in the City of Red Bluff, County of Tehama, State of California.

10.    Defendants COUNTY OF TEHAMA and COUNTY OF TEHAMA SHERIFF'S OFFICE are hereinafter collectively referred to as "defendants COUNTY."  Plaintiff is further informed and believes and thereon alleges that, at all times pertinent hereto, defendants

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

COUNTY employed DAVE HENCRATT and PHIL JOHNSTON as Sheriff and Assistant Sheriff, respectively.

11. Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, defendant DAVE HENCRATT was a resident of the County of Tehama, State of California, and that he was employed as a sworn Sheriff officer and Sheriff with defendants COUNTY and was acting in the scope and course of that employment. . Defendant DAVE HENCRATT is sued in his official and individual capacity and is hereinafter referred to as "defendant HENCRATT." Defendant HENCRATT was at all pertinent times, a policymaker and/or decision maker for the County of Tehama.

12. Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, defendant PHIL JOHNSTON was a resident of the County of Tehama, State of California, and that he was employed as a sworn officer and Assistant Sheriff with defendants COUNTY and was acting in the scope and course of that employment. Defendant PHIL JOHNSTON is sued in his official and individual capacity and is hereinafter referred to as "defendant JOHNSTON." Defendant JOHNSTON was at all pertinent times, a policymaker and/or decision maker for the County of Tehama.

13. The named defendants are being sued in their official and individual capacities, including in their supervisory capacities where applicable.

14. Plaintiff is informed and believes and thereon alleges that, defendant KEVIN NEAL died on November 14, 2017, and therefore, bring this action against the SUCCESSOR IN INTEREST OR ESTATE OF KEVIN NEAL, who at all times pertinent hereto was believed to be resident of the County of Tehama, State of California.

15. Plaintiff is informed and believes and thereon alleges that, defendant THE RANCHO TEHAMA ASSOCIATION (hereinafter "RTA" or "the Association") is, and at all times herein mentioned was, an association of property owners of the Rancho Tehama Unit 1, in the City of Rancho Tehama, County of Tehama, State of California, as more particularly set out in the Articles of Incorporation filed on June 4, 1998, the Declaration Restrictions, located in Volume 544, Page 272, and recorded on August 28, 1970, in the official Records of the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 4
**Complaint for Damages**

Recorder of Tehama County, and subsequently modified by Instrument recorded on January 28, 1971, located in Volume 561, Page 254.

16. Defendants COUNTY OF TEHAMA, COUNTY OF TEHAMA SHERIFF'S OFFICE, PHIL JOHNSTON and DAVE HENCRATT, THE ESTATE OF NEAL, and THE RANCHO TEHAMA ASSOCIATION, are hereinafter referred to collectively as defendants or individually by name.

17. All herein complained actions of defendants, and each of them, were done with recklessness, malice, intent, negligence, gross negligence and/or deliberate indifference and in a manner that shocks the conscience.

## CASE SPECIFIC ALLEGATIONS

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

18. On November 14, 2017, plaintiff, A.H., was shot while in his classroom by KEVIN NEAL, at Rancho Tehama Elementary School.

19. Plaintiff A.H. sustained a gunshot wound to the chest and right foot. Bullet fragments remain lodged in his chest due the risk of removing them. He also suffered emotional distress and anxiety that would normally stem from an incident and injuries such as this.

20. As a direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, plaintiff was injured and suffered grievous and permanent injuries to his physical, mental, emotional and nervous systems, all to his detriment in an amount greatly in excess of the minimum jurisdiction of this Court, including, but not limited to, those injuries set forth in paragraph 19 of this complaint.

21. As a further direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, plaintiff was forced to hire physicians and surgeons and undergo other and further expense as and for their medical care, all in an amount which cannot yet be ascertained. Plaintiff will seek leave to amend this complaint to allege such amount when it becomes more certain.

22. As a further direct, proximate, and foreseeable result of aforementioned actions

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

and conduct of defendants, and each of them, plaintiff has suffered, and will continue to suffer in the future, consequential damages and other incidental damages and out-of-pocket expenses, all to plaintiff's general damages in a sum to be determined at the time of trial.

23.    As a further direct, proximate, and foreseeable result of aforementioned actions and conduct of defendants, and each of them, plaintiff was compelled to retain legal counsel to protect his rights. Therefore, defendants, and each of them, are liable to plaintiff for those attorney's fees incurred by plaintiff in a sum to be determined at the time of trial.

### GENERAL ALLEGATIONS

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

24.    On November 14, 2017, KEVIN NEAL murdered at least 5 people and injured at least a dozen others.

25.    Plaintiff is informed and believes and thereon alleges that for at least 10 months prior to, and including the day before he went on his murderous spree, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees or agents, actively, willfully, recklessly and/or with deliberate indifference ignored cries for help from the community regarding NEAL's terrorist threats, erratic behavior, illegal acts, and possession and discharge of illegal weapons and ammunition, and violations of his criminal protective order and restraining order, to the point of enhancing the community's danger and making the plaintiff and citizens of Rancho Tehama more vulnerable to harm.

26.    Defendants, COUNTY, DEPARTMENT, HENCRATT, JOHNSTON, and their employees and agents were state actors, acting under the color of law, and in the course and scope of their employment at all times pertinent herein, and defendants, and each of them, acted with deliberate indifference to a known and obvious danger and created or increased the danger to plaintiff TROY MCFADYEN and decedent MICHELLE MCFADYEN, and others.

27.    Plaintiff is informed and believes and thereon alleges that prior to November 14, 2017, defendant COUNTY, DEPARTMENT, JOHNSTON and HENCRATT and their employees or agents, knew that NEAL had a violent history, was illegally in possession of and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 6
**Complaint for Damages**

was illegally discharging firearms, and by doing so was in violation of one or more restraining orders and/or criminal protective orders; that defendants, and each of them, had a custom pattern and practice of actively ignoring the complaints, and when they were not ignored, the defendant department was so poorly and improperly trained, and had such a misunderstanding of or reckless disregard for the law, that normal law enforcement protocol was either intentionally disregarded, or such laws and normal law enforcement protocol were so unknown to defendant County so that the department would not know that it had authority to act; and that the DEPARTMENT, COUNTY, JOHNSTON and HENCRATT ratified this conduct as they did not know, or willfully ignored the law, continued with this practice and/or approved or were complacent in such conduct. This deliberate indifference and/or lack of understanding enhanced the danger the plaintiff faced and left the plaintiff more vulnerable to danger. For example, plaintiff and informed and believes and thereon alleges that:

a.      On January 31, 2017, NEAL was arrested for and was charged with Assault with a Deadly Weapon, False Imprisonment with Violence, Willful Discharge of a Firearm in a Grossly Negligent Manner, Battery, Cruelty to a Dependent Adult: Great Bodily Injury, Robbery, and Possession of an Illegal Firearm.

b.      On April 7, 2017, the Superior Court for Tehama County issued a Civil Harassment Restraining order, good for 3 years, against Kevin Neal. It was served on him by Sgt. S. Hoag of the Tehama County Sherriff's office.  A criminal protective order was also put into place as a result of NEAL's conduct. As a result, Kevin Neal was prohibited from possessing any gun or ammunition, and the orders allowed for law enforcement to search his home. The restraining order mandated that any sworn officer who had knowledge of the restraining order place NEAL under arrest if he was discovered with a gun or ammunition.

c.      According to defendant DEPARTMENT's records, prior to the subject incident, NEAL's girlfriend called defendant DEPARTMENT informing

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

them that NEAL was served with a restraining order restricting him from having firearms and that she was missing a firearm. The DEPARTMENT called NEAL's girlfriend and she did not answer the phone, so the department closed the case.

d.      According to defendant DEPARTMENT's records, on August 21, 2017, approximately two and a half  months prior to the shooting, victim Diana Steele notified defendant department that NEAL was shooting a shotgun towards her home in violation of a criminal protective order (where she was a protected party), defendant department checked the area for exactly 1 (one) second according to their records, stated it was "Quiet upon arrival" and closed the case exactly 1 (one) second later without speaking to the reporting party or NEAL, and without making any attempt to contact any witnesses.

i.      The protected reporting party was Diana Steele, a former nurse from Sacramento. Ms. Steele and her son, Danny Elliott, were murdered by NEAL during the subject incident. After murdering Steele and Elliott, NEAL attempted to find Steele's seven-year-old grandson, G.E., a minor, at the local elementary school, to murder him. NEAL ended up shooting a different six-year-old child at the school named A.H. in the chest and leg. The bullet is still lodged in his chest.

ii.      After Steele's death defendant department stated that Steele and Elliott's calls about NEAL "were not credible" and their statements therefore could not be used in an attempt to obtain a search warrant. This is in direct contrast to the very language of the restraining order protecting Steele from NEAL which states, in part, "INSTRUCTIONS FOR LAW ENFORCEMENT…Arrest Required If Order Is Violated… If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed it, the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

officer must arrest the restrained person." Simply looking at the ammunition littering the property they claimed to have visited would have shown a violation of the protective orders.

e.      Plaintiff is informed and believes and thereon alleges that on October 21, 2017 approximately 3 (three) weeks prior to the subject shooting a neighbor complained to defendant department of gunshots and screams they believed were from NEAL's girlfriend. The deputies arrived at the scene and the gunshots and screams continued, but the deputies left the scene without speaking to NEAL or NEAL's girlfriend. NEAL's girlfriend was found dead under the floorboards of his house when the department finally searched the home after the shooting and after NEAL was dead.

f.      Plaintiff is informed and believes and thereon alleges that prior to November 14, 2017, defendants knew that NEAL had hit a woman in the face, bloodied her nose, and fired shots at her and her boyfriend; and in a different incident, NEAL fired shots with an illegally modified assault rifle and stabbed another person in the stomach with a knife.

g.      Plaintiff is informed and believes and thereon alleges that Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, and its agents or employees knew that NEAL only turned over a single firearm to a licensed gun dealer pursuant to the 2017 restraining order. Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, and its agents or employees knew that NEAL continued to possess illegal firearms and ammunition and continued to illegally discharge hundreds of rounds of ammunition using his illegal firearms.

h.      Plaintiff is informed and believes and thereon alleges that illegal ammunition could be seen on NEAL's property from the public road in violation of both the restraining order and criminal protective order. There is no indication the DEPARTMENT ever asked NEAL about this contraband

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 9
**Complaint for Damages**

even though the DEPARTMENT was "surveilling" him.

i.    Plaintiff is informed and believes and thereon alleges that defendant DEPARTMENT chose to ignore and refuse to respond to a call from NEAL's family members to the department shortly before the shooting informing them that Mr. Neal was mentally unstable, deteriorating and had illegal firearms.

28.    Despite this knowledge, Plaintiff is informed and believes and thereon alleges that Defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and or agents, acted with deliberate indifference towards the community's complaints about NEAL's dangerous conduct and created and/or enhanced the danger to plaintiff and the community by, including but not limited to:

a.    Actively and willfully ignoring multiple complaints from at least 9 (nine) different people regarding NEAL's violent tendencies, possession and shooting of firearms, including but not limited to shotguns and illegal assault rifles, stating that those who complained (many that are now deceased at the hands of NEAL and "protected persons") were "not credible" and that the department could not respond to "he said/she said" reports of violence or gunfire, and that such instances of violence are "civil disputes" that law enforcement cannot resolve;

b.    Actively concealing calls regarding NEAL by actively refusing to log calls in the official log about NEAL;

c.    On one occasion, a neighbor complained to defendant DEPARTMENT of NEAL firing weapons and was told "to mind [her] own damn business."

d.    Threatening reporting victims calling about NEAL with arrest and/or jail time if they continued to call the sheriff's office; (This sheriff's department has a pattern and practice of telling victims/callers that they will be arrested, that they are harassing, and/or that they could face jailtime for calling to report crimes, separate and apart from the instances outlined herein.)

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

e.     Actively ignoring credible reports of violence and violations of NEAL's restraining order/ Criminal Protective Order, such as evidence of ammunition littering NEAL's yard in plain view, bullet holes in his fence that indicated that someone who was inside NEAL's fence had been shooting through it, reports of possession of firearms, including illegal unregistered assault rifles and "ghost guns", and reports that NEAL was discharging firearms within the community, at his home, near or towards other homes (including protected parties' homes) and firing hundreds of rounds at a time; and NEAL's admission to an officer of the Tehama Sheriff's Office that he had been shooting a firearm, but stated he was shooting it in a safe manner;

f.     Responding to complaints such as those set forth in paragraph (d), that as long as NEAL was shooting the guns in "a safe manner" there was nothing they could do; that even though NEAL had a restraining order and a criminal protective order against him and was prohibited from having firearms and ammunition, that they could not do anything without photographic evidence, video or the officer witnessing it himself. This lack of understanding and/or or deliberate indifference to the "plain view" doctrine and California and Federal law, shows an obvious failure to train or a deliberate indifference to the safety of NEAL's victims.

g.     On the rare occasion the DEPARTMENT did respond, the sheriff's office would attempt to reach NEAL by phone and give up if there was no answer, or visit the scene and if it was "quiet" when the sheriff arrived, would not pursue it further, stating that they would have to witness shots fired, in order to do anything, even though NEAL was not allowed to have a firearm or any kind of ammunition and his property was littered with shell casings, bullet holes and ammunition.

h.     Defendants Sheriff DAVE HENCRATT, PHILL JOHNSTON and other employees of Tehama Sheriff's Office, and the County of Tehama actively

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

refused to get a search warrant because of lack of training and a clear misunderstanding of, or, willful disregard of, the law, with Defendants Sheriff DAVE HENCRATT, and the Tehama Sheriff's Office, stating that the Defendant department could not obtain a warrant for NEAL after a criminal protective order was issued and multiple complaints of gunfire from his home were reported by multiple parties, because the department "has to prove to a judge that there is no doubt that this person is firing a gun" or actually witness the shooting occur, showing an obvious failure to train as this is not the legal standard to obtain a search warrant in any jurisdiction, especially California.

    i.    Ratifying the pattern, custom and practice of Tehama County Sheriff's Office personnel of ignoring or refusing to respond to citizen complaints who ask for assistance from threats of violence to their life and safety, reports regarding violations of restraining orders, and/or threatening to arrest the persons requesting assistance.

    j.    Defendants, and each of them, were aware of the danger NEAL posed and acted with deliberately indifference even when residence and neighbors complained repeatedly about Neal shooting off rounds of gunfire from his home, despite a court order barring him from having firearms. Defendant JOHNSTON stated that NEAL did not answer his door to law enforcement and that defendants could not act even when NEAL was in clear violation of court orders because "The law is only for people who obey it".

29.    This conduct by defendants, and each of them, created an atmosphere where victims of crimes were too afraid to call law enforcement for fear of retaliation or for fear of going to jail, or because they feared that NEAL would retaliate against them if he found out and since the Sheriff's Department refused to acknowledge, respond to, or even lodge those calls into the database, there was little point in putting themselves in even more danger for no reason. This resulted in a dangerous and lawless society where criminals did not need to

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

comply with California or Federal Laws because there would be no enforcement of said laws, and no repercussions for said violations.

30.   Defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents violated plaintiff's constitutional rights, grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger by all of the acts alleged in paragraphs 24-32, and said violation was in part, a consequence of the custom, habits, training, policy or practice of defendants, and each of them, and the totally inadequate training regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed fire weapons, the law regarding illegal firearms, the law regarding when an arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

31.   Defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents violated their mandatory duties in the manner in which they investigated the complaints about NEAL, response to NEALS illegal possession of firearms and ammunition in violation of the restraining order, and patrol and response to calls from the community of Rancho Tehama, leaving the citizens in the area with essentially no law enforcement at all.

32.   Plaintiff is informed and believes and thereon alleges that the carnage that KEVIN NEAL caused on November 14, 2017, including the severe injuries to plaintiff Troy McFadyen and decedent, MICHELLE MCFADYEN, could have been avoided if Sheriff DAVE HENCRATT, and the Tehama Sheriff's Office, and the County of Tehama  had not enhanced the danger to the plaintiff (*supra)* making the plaintiff more vulnerable to injury or death (*supra)*, and if they had not acted with deliberate indifference to a known and obvious danger (*supra)*.

///

///

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

## FIRST CAUSE OF ACTION

**VIOLATION OF DUE PROCESS UNDER THE 14TH AMENDMENT, PURSUANT TO 42 U.S.C. SECTION 1983**
**(As to Defendants County of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

33.    Plaintiff has a clearly established, federally protected, interest in life, liberty and property, and procedural and substantive due process right protected by the 14th Amendment to the United States Constitution, to be free from governmental actor's conduct that is deliberately indifferent to plaintiff's constitutionally protected interests which "shocks-the-conscience" of the courts.

34.    By engaging in the conduct set forth in paragraphs 24-32 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, deprived plaintiff of his rights and privileges secured by the United States Constitution and by other laws of the United States including those grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger, in violation of 42 U.S.C. §1983, which caused plaintiff to suffer severe and permanent injuries.

35.    By their conduct, defendants, and each of them, demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of plaintiff and enhanced the danger to plaintiff and made him more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience.

36.    As a direct, proximate, and foreseeable result of defendants conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

37.     Moreover, the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

38.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for conduct of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## SECOND CAUSE OF ACTION

### VIOLATION OF EQUAL PROTECTION
UNDER THE 14TH AMENDMENT, PURSUANT TO 42 USC SECTION 1983
(STATE CREATED DANGER)
(As to Defendants County of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

39.     42 U.S.C. section 1983 provides for civil liability for deprivation of any right, privileges and immunities carried by the constitution and laws of the United States and the State of California.

40.     The Fourteenth Amendment of the United States Constitution prohibits a state or state actor from depriving a person of equal protection under the law.

41.     By engaging in the conduct set forth in paragraphs 24-32 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, engaged in affirmative conduct that subjected plaintiff to new or increased danger, and deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendments.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

42.     More specifically, defendants' conduct violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as the conduct deprived plaintiff, and residents of Rancho Tehama, of their Constitutional Rights and there is no rational basis for defendants' conduct.

43.     By their conduct, defendants, and each of them, demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of plaintiff and enhanced the danger to plaintiff and made him more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience., in violation of 42 U.S. Section 1983.

44.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

45.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

46.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for conduct of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discover the other conduct of said defendants constituting such liability.

### THIRD CAUSE OF ACTION

**FAILURE TO TRAIN/SUPERVISE, AND RATIFICATION OF PROCEDURES
IN VIOLATION OF 42 USC SECTION 1983
(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

47.     By engaging in the conduct set forth in paragraphs 24-32 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, engaged in affirmative conduct that subjected plaintiff to new or increased danger, and deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendments.

48.     More specifically, plaintiff is informed and believes and thereon alleges, that the Defendants, and each of them, failed to adequately train its employees and/or agents on the "plain view" doctrine, how to respond to violations of restraining orders, obtain search warrants, and protect its citizens from known threats of danger.

49.     By failing to train and/or supervise its employees and/or agents, defendants, and each of them, acted with and demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of plaintiff and enhanced the danger to plaintiff and made them more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience, in violation of 42 U.S. Section 1983.

50.     The failure to train and/or supervise by defendants, and each of them, constitute a violation of plaintiff's constitutional rights, pursuant to the substantive due process clauses of the Fourteenth Amendment.

51.     Further, Plaintiff is informed and believes and thereon alleges, that the Defendants, and each of them, ratified its employees conduct as outlined in paragraphs 24-32.

52.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

53.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

54.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for conduct of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## FOURTH CAUSE OF ACTION

### CONSPIRCY TO DEPRIVE PERSON OF RIGHTS OR PRIVILEGES IN VIOLATION OF 42 USC SECTION 1985
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

55.     42 U.S.C. Section 1985(2) prohibits two or more persons from conspiring for the purpose of impeding, hindering, obstruction, or defeating, in any manner, the due course of justice in any State, with the intent to deny to any citizen the equal protection of the laws, for lawfully enforcing, or attempting or enforce, the right of any person, to the equal protection to the laws.

56.     By engaging in the acts set forth in paragraphs 24-32 above, defendants, and each of them, while acting under the color of law and in the course and scope of their employment, did conspire to deprive plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendment's right to due process and equal protection under the laws, and did in fact deprive plaintiff, and others, either directly or indirectly, equal protection of the laws, or of equal privileges and immunities under the laws, including the right to be free of state-created danger.

57.     As a direct, proximate, and foreseeable result of defendants acts of conspiracy to deprive plaintiff of his rights or privileges, plaintiff suffered severe physical and mental and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

58.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

59.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of conspiracy of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

### FIFTH CAUSE OF ACTION

**CONSPIRCY TO OBSTRUCT JUSTICE
IN VIOLATION OF 42 USC SECTION 1985
(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave
Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

60.    42 U.S.C. Section 1985(2) prohibits two or more persons from conspiring for the purpose of impeding, hindering, obstruction, or defeating, in any manner, the due course of justice in any State, with the intent to deny to any citizen the equal protection of the laws, for lawfully enforcing, or attempting or enforce, the right of any person, to the equal protection to the laws.

61.    By engaging in the acts set forth in paragraphs 24-32 above, defendants, and each of them, while acting under the color of law and in the course and scope of their employment, conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice, with intent to deny plaintiff, and others, the equal protection of the laws, or to injure plaintiff, and others, for lawfully enforcing, or attempting to enforce, the right of

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

any person, or class of persons, to the equal protection of the laws, including the right to be free of state-created danger.

62.     As a direct, proximate, and foreseeable result of defendants acts of conspiracy to obstruct justice, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

63.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

64.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of conspiracy of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## SIXTH CAUSE OF ACTION

### NEGLECT TO PREVENT HARM
### IN VIOLATION OF 42 USC SECTION 1986
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

65.     Pursuant to 42 U.S.C. §1986, every person who has knowledge of the wrongs conspired to be done, including but not limited to, a conspiracy to deprive others of his rights or privileges or conspiracy to obstruct justice, and has the power to prevent or aid in preventing the commission of the same, but neglects or refuses so to do, shall be liable to the party injured for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

66.    At all times pertinent hereto, defendants and each of them, had the actual knowledge of a known and obvious danger posed by Kevin Neal, and had knowledge of the conspiracy to obstruct justice and/or prevent persons in Rancho Tehama, including plaintiff, from exercising their legal rights or privileges.  Further, defendants and each of them, had the power to prevent the crimes and harm caused by NEAL from being committed, or prevent the other defendants from depriving plaintiff of his rights and privileges or prevent the obstruction of justice, but refused and neglected to prevent said wrongs from being committed and are therefore liable to plaintiff under Title 42 USC section 1986.

67.    By engaging in the conduct set forth in paragraphs 24-32 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, engaged in affirmative conduct that subjected plaintiff to new or increased danger, and deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendments.

68.    More specifically, Plaintiff is informed and believes and thereon alleges, that the Defendants, and each of them, failed to adequately train its employees and/or agents on the "plain view" doctrine, how to respond to violations of restraining orders, obtain search warrants, and protect its citizens from known threats of danger.

69.    As a direct, proximate, and foreseeable result of defendants neglect to prevent harm, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

70.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

damages against said Defendants, and each of them, in an amount to be shown at trial.

71.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

**Additional STATE causes of action against the County defendants, brought pursuant to 28 U.S.C. §1367:**

### SEVENTH CAUSE OF ACTION

**VIOLATION OF GOVERNMENT CODE SECTION 815.6**
**(VIOLATION OF PENAL CODE 836(A) AND (C)(1))**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

72.    The California Tort's Claims Act provides a party with an independent legal basis to recover damages against a public entity for its failure to properly discharge a mandatory duty.

73.    Government Code section 815.6 provides "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of the kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

74.    Penal Code section 836(a) provides that [a] peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, without a warrant, may arrest a person whenever any of the following circumstances occur: (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence. (2) The person arrested has committed a felony, although not in the officer's presence. (3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

75. Penal Code section 836(c)(1) provides that "[w]hen a peace officer is responding to a call alleging a violation of a . . . or restraining order issued . . . and the peace officer has probable cause to believe that the person against whom the order is issued has notice of the order and has committed an act in violation of the order, the officer **shall,** consistent with subdivision (b) of Section 13701, **make a lawful arrest of the person without a warrant and take that person into custody whether or not the violation occurred in the presence of the arresting officer…**" (emphasis added.)  Further, the Civil Harassment Restraining Order After Hearing (CLETS-CHO), judicial council form CH-130, instructs law enforcement that "an arrest **is required** if [the] Order is violated" stating, "If an officer has *probable cause* to believe that the restrained person had notice of the order and has disobeyed it, the officer **must arrest the restrained person**."

76. Defendants, and each of them, had a mandatory duty to arrest KEVIN NEAL upon probable cause leading them to believe that he violated any restraining order issued against him pursuant to Penal Code section 836(c)(1).  Pursuant to Government Code section **815.6**, defendants, and each of them, had a duty to "exercise reasonable diligence to discharge [that] duty."

77. As set forth in paragraphs 24-32 above, defendants, and each of them, breached its mandatory duties by acting with deliberate indifference in refusing to take any action to arrest NEAL despite ammunition littering NEAL's property in plain view from the road, repeated complaints that NEAL was in possession of and was discharging firearms, in direct violation of the April 7, 2017 restraining order and criminal protective order, in violation of defendant's mandatory obligations under Penal Code section 836, and it is clear that the training and supervision as to the legal requirements for seizing contraband in plain view, obtaining a search warrant or making an arrest for violation of a restraining order were either unknown to defendants or were deliberately disregarded.

78. As a direct, proximate, and foreseeable result of defendants acts of conspiracy to obstruct justice, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 23
**Complaint for Damages**

damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

79.    Defendants, and each of their, failure to perform its mandatory duties under the law was a substantial factor in causing plaintiff's harm.

80.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way breached other mandatory duties of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF CIVIL CODE 52.1
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

81.    California Civil Code section 51.2 provides that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

82.    The acts of defendants, and each of them, as set forth in paragraphs 24-32 above, constitute a violation of California Civil Code section 51.2, and amount to a pattern or practice of conduct of acting with deliberate indifference to a known and obvious danger.

83.     Defendant County is liable for the acts of its employees and/or agents pursuant to Cal. Gov. Code § 815.2.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

84.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

85.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

86.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## NINETH CAUSE OF ACTION

### NEGLIGENT SUPERVISION, TRAINING, RETENTION AND RATIFICATION
(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

87.     Defendants, and each of them, had a duty to Plaintiff as a member of the public to hire personnel who had proper qualifications, experience, and character to lawfully perform the duties of law enforcement personnel toward the public and to supervise, train, retain and ratify only that conduct that ensures that such personnel comply with the lawful performance of such duties.

88.     Defendants, and each of them, breached such duty of care to Plaintiff by negligently supervising, training and retaining the Tehama County law enforcement personnel, so as to permit them to engage in the conduct set forth in paragraphs 24-32.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

89.     Defendants, and each of their, unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its employees and agents, proximately resulted in the constitutional deprivations, injuries and damages alleged in this case.

90.     Plaintiff is informed and believes that other citizens have been treated unlawfully and abused by defendants, and each of them, through its custom, policy or practice of failing to properly investigate citizen complaints, threatening reporting parties with jailtime or arrest for calling the department, refusing to respond to and investigate complaints surrounding violations of restraining orders, and failing to take corrective or disciplinary action against deputies who act improperly, thus leading to the constitutional violations against Plaintiff as described herein.

91.     Plaintiff is informed and believe that defendants, and each of them, has a habit, custom, policy and/or practice of ratifying such wrongful conduct, and in fact permitting, condoning, and/or failing to take action against deputies who commit acts in violation of state, federal and constitutional rights and privileges.

92.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

93.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## TENTH CAUSE OF ACTION

### NEGLIGENCE – VIOLATION OF GOVERNMENT CODE §815.2
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

94.     Pursuant to Government Code section 815.2, subd. (a), a public entity is vicariously liable for the tortious conduct of its employees committed within the scope of employment under circumstances in which the employee would be personally liable for the conduct. The effect of this statute is to incorporate general standards of tort liability as the primary basis for respondeat superior liability of public entities.

95.     The Tort Claims Act (Gov. Code, § 810 et seq.) expressly denies a public entity the power to enact an ordinance abridging its statutory liabilities or expanding its statutory immunities (Gov. Code, § § 811.2, 811.8, 815). Furthermore, an employee of a public entity is liable for his torts to the same extent as a private person [Gov. Code, § 820, subd. (a)], and the public entity is vicariously liable for any injury which its employee causes (Gov. Code, § 815.2, subd. (a)) to the same extent as a private employer [Gov. Code, § 815, subd. (b)].

96.     A public entity's programs and services, viewed in their entirety, must be equally accessible to all persons.

97.     Defendants, and each of them, failed in such duty, by engaging in the conduct set forth in paragraphs 24-32, which deprived members of the public, including plaintiff, with due process and/or equal protection under the law.

98.     Defendants, and each of them, knew or should have known that Plaintiff's rights were being violated and/or that Plaintiff was being placed at risk of serious harm by failing to do grant them due process and/or equal protection under the law.

99.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

100.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

# ELEVENTH CAUSE OF ACTION

## WASTE OF PUBLIC FUNDS
## VIOLATION OF CCP SECTION 526A
### (As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

101. There currently is a dispute between the parties for which declaratory and injunctive relief is appropriate pursuant to Code of Civil Procedure section 526a.

102. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, have a policy, practice, custom and/or habit of violating constitutional rights and privileges of members of the public, including the public's due process rights and equal protection rights under the 14th Amendment.

103. More specifically, plaintiff is informed and believes that other citizens have been treated unlawfully and abused by defendants, and each of them, through its custom, policy or practice of failing or refusing to properly investigate citizen complaints, failing or refusing to respond to and investigate complaints surrounding violations of restraining orders, threatening reporting parties with jail and/or arrest for contacting the department and failing or refusing to take corrective or disciplinary action against deputies who act improperly, thus leading to the constitutional violations against Plaintiff as described herein.

104. Plaintiff is informed and believes and thereon alleges that the murderous acts of NEAL were made possible by the deliberate indifference of defendants, and each of them, and their employees or agents, and lack of understanding of how to, or outright refusal to perform their duties, including carrying out the lawful orders of the Superior Court and, and violating the community's equal protection and due process rights under the law, requiring defendants, and each of them, to protect the community from a known dangerous and mentally unstable man.

105. Plaintiff is informed and believes and thereon alleges that on this failure is a consequence of a policy or practice of County officials to overlook acts and threats of violence

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

against the citizens of these rural areas. Further, plaintiff alleges there was totally inadequate training by defendants, and each of them, as to the laws they are tasked with enforcing.

106. Plaintiff is informed and believes that defendants, and each of them, has a habit, custom, policy and/or practice of ratifying such wrongful conduct, and in fact permitting, condoning, and/or failing to take action against deputies who commit acts in violation of state, federal and constitutional rights and privileges.

107. Plaintiff is informed and believes and thereon alleges that tax payer dollars are spent on supporting law enforcement activities, including, but not limited to the expending of the time of the paid sheriff deputies who are failing or refusing to perform their duties and obligations under the law.

108. Thus, Plaintiff brings this action under CCP § **526a** to obtain a judgment to declare plaintiff's right to equal protection under the law, and require defendants, and each of them, to comply with their obligations under the law to investigate citizens' complaints where there are credible threats of violence and/or evidence of violations of restraining orders without threatening the reporting party, and stop its practice of discriminating against unincorporated communities.

109. Plaintiff makes this request for injunctive relief based upon their standing as taxpayers pursuant to CCP § **526a**.

**Additional STATE causes of action against the ESTATE OF KEVIN NEAL, brought pursuant to 28 U.S.C. §1367:**

## TWELFTH CAUSE OF ACTION

### BATTERY
**(As to the Successor in Interest or Estate of Kevin Neal)**

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

110. On or about November 14, 2017, KEVIN NEAL shot at and injured plaintiff.

111. Plaintiff did not consent and were harmed by the conduct of KEVIN NEAL, and a reasonable person in plaintiff's situation would have likewise been offended by said conduct.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

112.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

113.    The acts of KEVIN NEAL were done with deliberate indifference to plaintiff's life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety.  Plaintiff is entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

114.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

### THIRTEENTH CAUSE OF ACTION

**ASSAULT**
**(As to the Successor in Interest or Estate of Kevin Neal)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

115.    On or about November 14, 2017, KEVIN NEAL shot at and injured plaintiff, with the intent to cause harmful or offensive contact with plaintiff.

116.    Plaintiff did not consent and were harmed by the conduct of KEVIN NEAL, and KEVIN NEAL's conduct was a substantial factor in causing plaintiff's harm.

117.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 30
**Complaint for Damages**

118.    The acts of KEVIN NEAL were done with deliberate indifference to plaintiff's life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety.  Plaintiff is entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

119.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

### FOURTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(As to the Successor in Interest or Estate of Kevin Neal)**

Plaintiff hereby incorporates  by reference all preceding paragraphs as though set out in full herein.

120.    On or about November 14, 2017, KEVIN NEAL engaged in outrageous and unacceptable behavior by shooting at, and injuring plaintiff.

121.    KEVIN NEAL's conduct was outrageous and so extreme that it goes beyond all possible bounds of decency and a reasonable person would regard NEAL's conduct as intolerable in a civilized community.

122.    At all times pertinent hereto, KEVIN NEAL intended on causing plaintiff emotional distress and/or acted with reckless disregard of the probability that plaintiff would suffer emotional distress.

123.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry and shock.

124.    The conduct of KEVIN NEAL was a substantial factor in causing plaintiff's emotional distress.

125.    The acts of KEVIN NEAL were done with deliberate indifference to plaintiff's life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety. Plaintiff is entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

126. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

### FIFTEENTH CAUSE OF ACTION

### STRICT LIABILITY - ULTRAHAZARDOUS OR ABNORMALLY DANGEORUS ACTIVITY
### (As to the Successor in Interest or Estate of Kevin Neal)

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

127. On or about November 14, 2017, KEVIN NEAL engaged in an ultrahazardous activity, to wit: shooting in a residential neighborhood, and while subject to a restraining order which prohibits his possession of firearms.

128. As a result of NEAL's conduct, plaintiff was injured as set forth above in paragraph nineteen (19).

129. Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by shooting a firearm in a residential neighborhood and at persons in the neighborhood.

130. KEVIN NEAL's conduct was a substantial factor in causing plaintiff's harm.

131. As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

///

**Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

132. The acts of KEVIN NEAL were done with deliberate indifference to plaintiff's life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety. Plaintiff is entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

133. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## SIXTEENTH CAUSE OF ACTION

### HARASSMENT
**(As to the Successor in Interest or Estate of Kevin Neal)**

Plaintiff hereby incorporates by reference all preceding paragraphs as though set out in full herein.

134. At all times pertinent hereto, defendant KEVIN NEAL engaged in a course of harassment against plaintiff which was intended to scare, annoy and/or harass plaintiff.

135. As a result of KEVIN NEAL's conduct, plaintiff suffered fear, worry, nervousness, grief, anger and annoyance.

136. The acts of KEVIN NEAL were done with deliberate indifference to plaintiff's life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety. Plaintiff is entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

**Additional STATE causes of action against THE RANCHO TEHAMA ASSOCIATION, brought pursuant to 28 U.S.C. §1367:**

///

///

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

## SEVENTEENTH CAUSE OF ACTION

### NEGLIGENCE
**(As to the Rancho Tehama Association)**

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

137.    At all times mentioned herein, Defendant ASSOCIATION was, and now is a California corporation, with its principal place of business in Tehama County, California, and is commonly called the Rancho Tehama Association. Defendant association has its principal office in Tehama County, California.

138.    Defendant association, was formed and now exists, for the benefit, protection, and safety of the individual owner-members of the association, for the purposes set forth in Article I of the Articles of Incorporation of the Association, which sets forth that the Association is formed to provide for maintenance, preservation and control of the residence Lots and Common Area of Rancho Tehama covered by the Association, and to promote the health, safety and welfare of the residents within that property, including the duties of maintenance, management, upkeep, and repair of all of the Common Area and all facilities of Rancho Tehama Association neighborhoods.

139.    At all times herein mentioned, defendants and each of them owned, maintained, controlled, managed, and operated the premises and common areas of the premises of the Association.

140.    At all relevant times herein mentioned, defendants, and each of them, had a fiduciary duty to plaintiff to maintain security in the premises and common areas of the Association premises, against criminal conduct and other foreseeable risks of injury.

141.    Plaintiff is informed and believes and thereon alleges, that numerous complaints had been made to the Association and its members, regarding the danger posed by KEVIN NEAL, including but not limited to, concerns that NEAL had firearms, that NEAL was discharging firearms within the common areas of the community, that the Rancho Tehama Sheriff were not responding to calls and steps needed to be taken to get a greater Sheriff

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

presence, that NEAL, a renter, was causing numerous issues and acting erratically and violently towards his neighbors and members of the community.  Despite these reports, no action was taken to protect plaintiff or other members in the common areas of the Rancho Tehama Association.

142.   As set forth herein, prior to November 2017, and continuing through November 2017, defendant association  failed to maintain and control the common areas to be free from known dangers posed by NEAL having guns and discharging them in common areas; and failed to exercise due care for the plaintiff's, and others, safety in these areas, under the association's control, in that the association failed to take any steps to deter the ongoing and continuing criminal conduct of KEVIN NEAL, as alleged herein, and even though the association had been informed that crimes were being committed by KEVIN NEAL and danger he posed to the association members, and knew that the violent threats and acts continuing and escalating, the association failed to take any action to protect the health, welfare, and safety of plaintiff, or others, in and around plaintiff's residence, or the common areas of the community.

143.   The above-described negligence of defendant association caused plaintiff, and others, to be virtually at the mercy of KEVIN NEAL's violent acts.

144.   The above-described negligence of defendant association breached its duty to plaintiff to maintain security in the premises and common areas of the premises against criminal conduct and other foreseeable risks of injury.

145.   The herein-described conduct of defendant association was performed within the scope of their association and director duties, were not performed in good faith, and were willful, wanton, or grossly negligent.

146.   As a result of the negligence, acts and failures to act by defendant association as alleged above, plaintiff and others, were continuously placed in great apprehension of further violent attacks and threats by defendant KEVIN NEAL with no hope of assistance by defendant association and defendant directors.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

147.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

148.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware.  Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

## EIGHTEENTH CAUSE OF ACTION
### PUBLIC AND PRIVATE NUISANCE
#### (As to all defendants)

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

149.    At all times pertinent hereto, KEVIN NEAL was permitted to interfere with the public and the Plaintiff's comfortable enjoyment of their real property by acting violently, erratically, and in an unsafe manner, by threatening members of the community, assaulting members of the community, owning and discharging firearms within the community and his home despite being a felon and subject to a restraining order that prohibited NEAL from possessing guns, and being a nuisance to the community.

150.    Plaintiff is informed and believes and thereon alleges, that defendants, and each of them, permitted the nuisance caused by NEAL to continue, as they actively ignored, discouraged complaints by, and refused to take any steps to stop and/or prevent the nuisance and threat caused by NEAL.

151.    Defendant NEAL's conduct constitutes a public nuisance within the meaning of Civil Code section 3480 and a private nuisance within the meaning of Civil Code section 3481.

152.    The acts and conduct taken by defendants, and each of them, in creating and/or exacerbating a condition where NEAL was allowed to discharge firearms and act violently and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

aggressively towards members of the community, including plaintiff, was harmful to plaintiff and others health, indecent and offensive, was an obstruction of the free use of property and interfered with plaintiff and others, comfortable enjoyment of life and property. Further, the condition affected a substantial number of people at the same time – to wit members of the Rancho Tehama community, NEAL's neighbors and members of the public in general.

153.    At no point herein did plaintiff, or others in the Rancho Tehama community consent to NEAL's conduct, or the conduct of defendants, and each of them, in permitting NEAL to continue to act in a violent and erratic manner.

154.    Defendants, and each of their conduct and deliberate indifference to a known threat, and the rights and safety of others, was such that an ordinary person would be reasonably annoyed or disturbed by said conduct.

155.    Defendants, and each of their, conduct and deliberate indifference was a substantial factor in causing plaintiff's harm.

156.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 19-23 above.

157.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are in some other way responsible for acts of which plaintiff is unaware. Plaintiff will seek leave of Court to amend this complaint at such time as plaintiff discovers the other conduct of said defendants constituting such liability.

### VII.    PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR A JURY TRIAL and judgment against defendants as follows:

1.    For general damages for plaintiff, against each defendant, jointly and severally, in the amount to be proved at trial;

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

2.      For special damages for plaintiff, against each defendant, jointly and severally, in the amount to be proved at trial;

3.      For punitive and exemplary damages for plaintiff, against defendants, and each of them, (except municipality defendants) in an amount appropriate to punish them and deter others from engaging in similar misconduct;

4.      For medical expenses plaintiff, against each defendant, in a sum according to proof;

5.      For loss of wages and earning capacity plaintiff, against each defendant, in a sum according to proof;

6.      For prejudgment interest, as allowed by law;

7.      For injunctive relief against defendant COUNTY and DEPARTMENT

8.      For costs and reasonable attorneys' fees against defendant COUNTY and DEPARTMENT pursuant to 42 U.S.C. §1985 and §1988 and as otherwise authorized by statute or law; and

9.      For such other and further relief as this Court may deem proper.

DATED:  November 5, 2018                    BARR & MUDFORD, LLP

   /s/  Cathleen Theresa Barr
JOHN DOUGLAS BARR  (SBN 40663)
CATHLEEN T BARR (SBN 295538)
ESTEE LEWIS (SBN 268358)
BRANDON STORMENT (SBN 267260)
TROY DOUGLAS MUDFORD (156392)

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**